LAW OFFICES OF ERIK BABCOCK
ERIK BABCOCK (Cal. 172517)
717 Washington St., 2d Floor
Oakland CA 94607
Tel:  (510) 452-8400
Fax:  (510) 452-8405
erik@babcocklawoffice.com

Attorney for Plaintiff
BO FENG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO FENG,<br><br>         Plaintiff,<br><br>    v.<br><br>FOX ORTEGA ENTERPRISES, INC., dba PREMIER CRU; and DOES 1-10,<br><br>       Defendants. | Case No.<br><br>**COMLAINT FOR DAMAGES FOR:**<br><br>1. **Breach of Contract (UCC)**<br>2. **Fraud**<br>3. **Negligent Misrepresentation**<br>4. **Rescission**<br>5. **Account Stated**<br>6. **Conversion**<br>7. **Money Had and Received**<br>8. **Unfair Business Practices** |

**INTRODUCTION**

1.   In 2013, Plaintiff Bo Feng learned of a wine merchant named "Premier Cru" located in Berkeley, California.  Premier Cru claimed on its website to "source the world's finest wines at extremely competitive prices to provide exceptional experiences for collectors, connoisseurs, and everyday wine lovers."  Relying on these and other representations by Premier Cru, Plaintiff began ordering substantial amounts of fine wine.  In 2013 and 2014, he ordered $844,040.03 worth of wine from Premier Cru.   More than two years later, Plaintiff Feng has received less than one-third of the wine he ordered and paid for—Premier Cru has utterly failed to fulfill its contractual obligations to Plaintiff after wrongfully inducing Plaintiff to order and pay for hundreds of thousands of dollars of

wine that Premier Cru knew it could not and/or would not deliver to Plaintiff in a timely fashion. Because of the wrongful conduct of Premier Cru, it has taken $660,555.02 in United States dollars from Plaintiff without delivering the wine he ordered.

### THE PARTIES

2.   At all relevant times, BO FENG was and is a citizen of a foreign state; i.e., the People's Republic of China.

3.   Plaintiff is informed and believes and on that basis alleges that at all relevant times defendant FOX ORTEGA ENTERPRISES, INC., dba PREMIER CRU (hereafter "Premier Cru"), was and is a California Corporation, and has its principal place of business in the County of Alameda, California, specifically in Berkeley, California.

4.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes and thereon alleges that each of such fictitiously named defendants is responsible in some manner or status for the acts and omissions described herein and that his loss as herein alleged was proximately caused by all of the defendants' acts.

### JURISDICTION

5.   This Court has subject matter jurisdiction of the state law claims asserted herein because of the diversity of citizenship of the parties.   The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. § 1332(a).

### VENUE

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

### INTRADISTRICT ASSIGNMENT

7.   A substantial part of the events and/or omissions giving rise to the claims in this action took

place in the County of Alameda, California.  Accordingly, this complaint should be assigned to either the San Francisco or Oakland Divisions of this Court pursuant to Local Rule 3-2(d).

<strong>COMMON FACTUAL ALLEGATIONS</strong>

8.   Premier Cru is a wine importer licensed by the State of California.  It operates a retail store in Berkeley, California.  Premier Cru describes itself on its website ("www.premiercru.net") as selling "The World's Finest Wines."  Premier Cru further claims on its website to "sourc[e] the world's finest wines at extremely competitive prices to provide exceptional experiences for collectors, connoisseurs, and everyday wine lovers."  Defendant's website allows customers to place orders for specific wines online through the website.

9.   Plaintiff Feng is a wine investor and collector.  Before placing wine orders with Premier Cru, Plaintiff Feng compared prices for the same wines with other vendors.  Based on express representations made by Premier Cru on its website, Plaintiff began placing orders for wine from Premier Cru on its website on or about March 4, 2013.  Plaintiff had numerous telephone conversations with James Gillerman, Premier Cru's lead salesperson, about the ability of Premier Cru to deliver the wine Plaintiff ordered.  Plaintiff Feng was assured by Mr. Gillerman that Premier Cru would be able to meet the wine orders within a reasonable period of time.   Plaintiff Feng relied on the representations made by Mr. Gillerman when making future orders of wine from Premier Cru.   Plaintiff Feng planned to sell the wine he ordered from Premier Cru in the future after its price increased.

10.   After Plaintiff Feng began receiving deliveries of wine he ordered from Premier Cru, he continued to order more wine from Premier Cru up until October 1, 2013.  After 2013, he placed only one final order on March 10, 2014.  Plaintiff Feng ordered and paid for a total of 1,016 bottles of various types of rare wine from Premier Cru.

11. The total cost of the wine ordered by Plaintiff Feng was $844,040.03 in United States dollars.

Plaintiff Feng paid Premier Cru for all of the wine he ordered.  Plaintiff Feng paid approximately $169,311.65 of the total amount via American Express.  Plaintiff Feng paid the balance, approximately $674,728.38 by wire transfers to Premier Cru from his bank in Hong Kong.  All of the wine was paid for in 2013, except for the order made on March 10, 2014, which was paid for by wire transfer to Premier Cru on March 12, 2014.

12. Plaintiff Feng began receiving shipments of the wine he ordered from Premier Cru on March 28, 2013.   The last shipment of wine Plaintiff Feng received was on or about October 3, 2013.    He received a total of three hundred and eighty-nine (389) of the bottles of the wine he ordered.  Another six hundred and nineteen (619) bottles of the wine he ordered were never delivered and remain undelivered over two years later.  A summary of Plaintiff Feng's orders of wine and wine futures from Premier Cru is attached hereto as Exhibit A and incorporated herein by reference.  Copies of his purchase orders, printed from Premier Cru's website, are attached hereto as Exhibits B through F, and are expressly incorporated herein by reference. Each time Plaintiff Feng ordered wine from Premier Cru, he paid Premier Cru the full amount of the purchase price.  Pursuant to California Commercial Code section 2309(1), "the time for shipment or delivery or any other action under a contract if not provided in this division or agreed upon shall be a reasonable time."  Plaintiff Feng alleges that Premier Cru failed to deliver the wine he ordered within a commercially reasonable period of time.  The undelivered wines would cost Plaintiff Feng much more money to purchase now than when he ordered them from Premier Cru.

12. After no further deliveries of wine were made, Plaintiff Feng and his assistant began regularly inquiring of Premier Cru about the status of the undelivered wine.  Plaintiff Feng even had personal friends visit the Berkeley retail store on his behalf to inquire about the status of the undelivered wine.  Plaintiff Feng and his assistant and friends were told that the majority of the undelivered wine would arrive at the Premier Cru warehouse in approximately March, 2014 and could then be shipped to

1   Plaintiff Feng.   Plaintiff Feng was also informed by Premier Cru that a smaller portion of the

2   undelivered (approximately 84 bottles) would not be shipped to Plaintiff Feng until a date even later

3   than March, 2014.

4        13.  Plaintiff continued to regularly contact Premier Cru, primarily James Gillerman, throughout

5   2014 about the status of the undelivered wine and when it would be shipped.    Plaintiff Feng's primary

6   contact later became John Fox, one of the owners of Premier Cru, after Mr. Gillerman left or retired.

7

8        13. No further bottles of wine were shipped to Plaintiff Feng in 2014 or 2015.   Plaintiff was

9   repeatedly lied to by Premier Cru about the status of his undelivered wine.  For example, John Fox

10  falsely claimed not to have received emails that Plaintiff and his assistant had sent Premier Cru about the

11  status of the undelivered bottles of wine.

12       14. Plaintiff paid Premier Cru a total of $675,555.02 in 2013 and 2014 for wine that he has never

13  received.

14       15. Most of the wine Plaintiff Feng ordered from Premier Cru more than two years ago is now

15  available from other vendors.

16       16. In January, 2015, Plaintiff Feng demanded rescission of his outstanding orders and a full

17  refund of the $675,555.02 paid to Premier Cru for them.

18       17.  Premier Cru and its agents have acknowledged verbally and in writing to Plaintiff Feng that

19  Premier Cru owes Plaintiff Feng $675,555.02 on his account.

20       18.  Premier Cru has repeatedly and falsely told Plaintiff Feng and his assistant that a full refund

21  of Plaintiff Feng's money would be promptly made:

22            a.  On April 9, 2015, Trish Brown at Premier Cru promised that a wire transfer of

23                $175,00.00 would be made to Plaintiff Feng on April 13, 2015.  No such wire transfer

24                was made;

b. On April 19, 2015, John Fox—one of the owners of Premier Cru--promised a wire transfer on April 20, 2015.  No wire transfer was made;

c. On April 28, 2015, John Fox said wire transfers would begin the following week. No wire transfers were made;

d. On May 7, 2015, John Fox said a wire transfer would be made on May 15, 2015 for $150,000.00.   No such wire transfer was made.

e. On May 17, 2015, John Fox sent an email containing an outgoing wire request form and claimed it was a receipt from the bank for a wire transfer;

f. On May 28, 2015, John Fox said there would be a wire transfer the following Monday for $100,000.00.  No such transfer was made.

g. On June 3, 2015, John Fox said there would be a wire transfer the following week. No such wire transfer was made;

h. On June 10, 2015, John Fox said he lacked the funds to provide large refunds, and would start with a smaller amount of $50,000.00 the following day.  No such wire transfer was made;

i. On June 19, 2015, John Fox said he would send $50,000.00 and then have three to four further wire transfers to plaintiff by the end of June, 2015.  No such transfers were made;

j. On June 25, 2015, John Fox said he would send $50,000.00 that day and another $150,000.00 by the end of the month.  No such wire transfers were made.

19.  Between July 8, 2015 and July 10, 2015, Premier Cru made one wire transfer to Plaintiff Feng in the amount of $15,000.00 as a partial payment toward Plaintiff Feng's refund.  Plaintiff Feng has received no other payments toward his refund from Premier Cru since July 10, 2015.

20. After repeated phone calls and emails from Plaintiff Feng about the status of further repayments, on July 24, 2015, John Fox stated he would wire $150,000.00 on July 27, 2015.   No such wire deposit was made.

21.  The total amount of money Plaintiff paid Premier Cru for wine that he has never received, and that has not been refunded, is $660,555.02 in United States dollars.

## FIRST CLAIM FOR BREACH OF CONTRACT

22.  Paragraphs 1-21 are incorporated herein by reference.

23. Each time Plaintiff Feng ordered and purchased wine or wine futures from Premier Cru (with each order attached hereto as Exhibit B), Premier Cru made a promise that it would and could deliver the wine ordered within a reasonable time.

24. Plaintiff Feng has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the contracts or has been excused from such performance.

25. Premier Cru has breached each purchase contract by failing to deliver the wine within a reasonable time.

26. As a direct and proximate result of Premier Cru's breaches, Plaintiff Feng has been damaged in an amount no less than $660,555.02 in United States dollars.

## SECOND CLAIM FOR FRAUD
### (Cal. Civil Code § 1710.4)

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. On its website, and each time Plaintiff Feng purchased wine or wine futures from Premier Cru (i.e. with each order attached hereto as Exhibit B), Premier Cru made a promise that it would and could timely deliver Plaintiff Feng's wine to him.  Plaintiff Feng was also verbally promised by Premier Cru employees that it would and could deliver on all orders.

29. On information and belief, Plaintiff Feng alleges at the time Premier Cru made each promise, it had no intention of performing, and that it knew that it could not and/or would not timely deliver Plaintiff Feng's wine.

30. The promises were made by Premier Cru with the intent to induce Plaintiff Feng to send Premier Cru money.

31. Plaintiff Feng was ignorant, at the time these promises were made and at the time he sent money to Premier Cru, of Premier Cru's intention not to perform and could not, in exercising reasonable diligence, determine that Premier Cru had no intention to perform.  Plaintiff Feng lives overseas and communicated Premier Cru primarily by email and telephone.  Premier Cru employees and owners consistently assured Plaintiff Feng that he would get his wine. If Plaintiff Feng had known Premier Cru's actual intentions, he would not have sent Premier Cru money for the orders.

32. Premier Cru failed to abide by its promises to deliver the wine Plaintiff Feng ordered.

33. As a direct and proximate result of these false promises, Plaintiff Feng has been damaged in an amount no less than $660,555.02 in United States dollars.

34. Premier Cru's promises with no intention to perform were intentional misrepresentations and deceits, with the intention of depriving Plaintiff Feng of property or legal rights or otherwise causing injury, and were despicable conduct that subjected Plaintiff Feng to a cruel and unjust hardship in conscious disregard of his rights, so as to justify an award of exemplary and punitive damages.

## THIRD CLAIM FOR NEGLIGENT MISREPRESENTATION

35.  Paragraphs 1-34 are incorporated herein by reference.

36. The statements set forth in Paragraph 28 above were not true.

37. Although Premier Cru's employees may have honestly believed that the statements were true when made, they had no reasonable ground for such belief given that Premier Cru was having

problems delivering wine on time to a number of customers—a fact surely known to Premier Cru and its employees.

38. Premier Cru intended that Plaintiff Feng and others rely on these statements.

39. Plaintiff Feng reasonably relied on these false statements. At the time the statements were made and at the time he sent money to Premier Cru, Plaintiff Feng was ignorant of the falsity of these representations and could not, in exercising reasonable diligence, determine that these statements were false.

40. As a direct and proximate result of these misrepresentations, Plaintiff Feng has been damaged in an amount no less than $660,555.02 in United States dollars.

**FOURTH CLAIM FOR RESCISSION**
**(Cal. Civil Code 1689(b)(2))**

41. Paragraphs 1-40 are incorporated herein by reference.

42. Premier Cru made the misrepresentations to Plaintiff Feng set forth in paragraphs 28 above.

43. Plaintiff Feng reasonably relied on these false statements. At the time the promises were made and at the time he sent money to Premier Cru, Plaintiff Feng was ignorant of the falsity of these representations and could not, in exercising reasonable diligence, determine that these statements were false.  If Plaintiff Feng had known that Premier Cru was making false representations about when his wine would be available, he would never have sent Premier Cru money.

**FIFTH CLAIM FOR ACCOUNT STATED**

44. Paragraphs 1-44 are incorporated herein by reference.

45. Premier Cur owes Plaintiff Feng money from previous financial transactions.

46. Premier Cru by its words and conduct promised to pay the amount owed to Plaintiff Feng.

47. Premier Cru has not paid Plaintiff Feng all of the amount owed.

48. Premier Cru owes Plaintiff Feng no less than $660,555.02 in United States dollars.

**SIXTH CLAIM FOR CONVERSION**

49. Paragraphs 1-48 are incorporated herein by reference herein.

50. Plaintiff Feng had a right to possess certain property; namely, the $660,555.02 in United States dollars that he paid Premier Cru for wine he ordered but never received.

51. Premier Cru intentionally and substantially interfered with Plaintiff Feng's property by taking possession of this property, by preventing Plaintiff Feng from having access to this property, and by refusing to return this property to Plaintiff Feng after he demanded its return.

52. Plaintiff did not consent to Premier Cru's refusal to return Plaintiff Feng's property.

53. Plaintiff  Feng was harmed by Premier Cru's conduct.

54.  Premier Cru's ongoing refusal to return Plaintiff Feng's money, and its repeated promises to return and refund his money with no intention of actually doing so were intentional misrepresentations and deceits made with the intent to continue depriving Plaintiff Feng of his property and his legal rights, and this conduct was despicable and subjected Plaintiff Feng to cruel and unjust hardship in conscious disregard of his rights, justifying an award of exemplary and punitive damages.

## SEVENTH CLAIM FOR MONEY HAD AND RECEIVED

55. Plaintiff incorporates paragraphs 1-54 by reference herein.

56. Premier Cru received money that was intended to be used for the benefit of Plaintiff Feng.

57. That the money was not used for the benefit of Plaintiff Feng, and

58. Premier Cru has not given the money back to Plaintiff Feng.

## EIGTH CLAIM FOR UNFAIR BUSINESS PRACTICE
### (Cal. Business & Professions Code § 17200 et seq.)

59. Paragraphs 1-58 are incorporated herein by reference.

60. Section 17200 of the California Business and Professions Code prohibits "fraudulent business act[s] or practice[s]," which are acts or practices likely to deceive members of the public.

61. As set forth above, Premier Cru has had a practice of representing that it can and will secure wine for its customers when it lacks the intention and/or the ability to do so. Accordingly, Premier Cry's representations are false.

62. As set forth above, Plaintiff Feng was induced to order wine from Premier Cru and to refrain from action against it by Premier Cru's false promises and representations regarding its ability to deliver wine to him.  Plaintiff Feng was also falsely induced not to seek legal recourse sooner by Premier Cru's continued false representations that refunds would be made.  These false representations were material to Plaintiff Feng and he would not have given money to Premier Cru without them.

63. These representations caused Plaintiff Feng to suffer harm in that he sent money to Premier Cru to secure wines that Premier Cru had no intention of delivering to him.

64.  Reasonable consumers would be and have been misled and deceived by Premier Cru about its intent and ability to deliver wine ordered from it within a reasonable period of time.

## PRAYER

WHEREFORE, Plaintiff Feng prays for judgment as follows:

1.  For compensatory damages in an amount according to proof pursuant to California Commercial Code §§ 2712-2715;

2. For incidental and consequential damages in an amount according to proof;

3. For prejudgment interest at the legal rate of 10%;

4. For punitive damages in amount appropriate to punish Premier Cru and to deter others from engaging in similar misconduct;

5. For restitution;

///

///

6. For preliminary and permanent injunctive relief;

7. For attorney's fees and costs of suit; and

8. For any further relief which the Court deems just and proper.


DATED: October 14, 2015          LAW OFFICES OF ERIK BABCOCK

                                 By:     /s/Erik Babcock_____
                                         ERIK BABCOCK
                                         Attorney for Plaintiff BO FENG


**DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable by a jury.

DATED: October 14, 2015          LAW OFFICES OF ERIK BABCOCK

                                 By:     /s/Erik Babcock_____
                                         ERIK BABCOCK
                                         Attorney for Plaintiff BO FENG